**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CASE No. 3:17CR30007-001** |
| ) | |
| **GREGG ALFRED NICHOLAS** ) | |
| ) | |

**SENTENCING MEMORANDUM**

Comes now the United States of America, by and through Duane (DAK) Kees, United States Attorney for the Western District of Arkansas, and for its Sentencing Memorandum states the following:

The Defendant, Gregg Alfred Nicholas, entered a guilty plea on October 27, 2017 for one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and is currently set for sentencing on April 4, 2018. After his entry of a guilty plea, the Defendant was allowed to remain out on his previously imposed unsecured bond of $5,000 and pretrial services supervision with special conditions. (Revised Final Presentence Investigation Report, Doc. 38 (hereinafter referred to as "PSR") PSR ¶ 9) On February 1, 2018, the Defendant was arrested by the Madison County Sheriff's Office for a shooting incident on January 30, 2018 that involved the Defendant and his neighbors. (PSR ¶ 15a) On February 20, 2018, the Defendant was arrested on a federal bond violation warrant and detained pending his sentencing hearing. (PSR ¶ 15e)

The Revised Final Presentence Investigation Report calculates the criminal history category of the Defendant as II. (PSR ¶ 61) The total offense level for the instant offense is eighteen which corresponds to a guideline sentence of 30 to 37 months incarceration. (PSR ¶ 102) Based on arguments below, the Government argues that the Defendant should receive an upward variance and a sentence above the final guideline range.

**SENTENCING FACTORS JUSTIFY AN UPWARD VARIANCE**

The United States Supreme Court has stated the process in determining a reasonable sentence is to correctly calculate the defendant's Sentencing Guidelines range and then consider Title 18 U.S.C. § 3553(a), making an individualized assessment based on the facts presented. *U.S. v. Hernandez*, 518 F.3d 613 (8th Cir. 2008) (citing *Gall v. United States,* 552 U.S. ——, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007); *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007)). "[T]he Guidelines should be the starting point and the initial benchmark," but they are not the only consideration. *Gall v. United States,* 552 U.S. ——, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). Title 18 U.S.C. 3553(a) lists the factors to be considered in imposing a sentence. As in any case, applicable 3553(a) factors in this case are nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, to provide just punishment for the offense, and to protect the public from further crimes of the defendant.

> 18 U.S.C.A. § 3553, Imposition of a Sentence
> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.;

**Nature And Circumstances Of The Offense**

The Defendant is prohibited from possessing firearms based upon prior felony convictions. (PSR ¶ 53, 55, 56)  On April 14, 2017, a Search Warrant was executed at the home the Defendant shared in Huntsville, Arkansas with his elderly mother.  Fourteen firearms and ammunition were found in the residence.  Six of the firearms were located in a locked gun safe, to which the key was in Defendant's mother's bedroom, and the remaining eight firearms were either in the Defendant's bedroom or accessible to him throughout the home.  (PSR ¶ 33)

**History And Characteristics Of The Defendant**

In fashioning a sentence the District Courts are not only permitted, but required to consider the history and characteristics of the defendant as directed under 18 U.S.C. §3553(a)(1). *United States v. White*, 506 F.3d 635, 644 (8th Cir. 2007).

The Defendant has prior convictions for possessing a firearm as a prohibited person.  In 2005, he was convicted in Suffolk County, New York of possessing a firearm after his Assault 3rd Degree conviction.  (PSR ¶ 56)

Conduct described in paragraph 53 of the PSR, which ended in an Assault 3rd Degree conviction, is similar to the conduct that is alleged to have occurred on January 30 and 31 of this year.  In both instances, the Defendant possessed a firearm in a threatening manner and discharged it.  The Assault 3rd Degree conviction occurred in 1986 when the Defendant was 23 years of age. Thirty years ago the Defendant shot in the air, but in January of 2018, there is evidence that he shot into a home and at individuals who were standing in front of the home.  Society expects individuals to mature over time and recognize and conform their behavior to societal norms.  The Defendant, an adult male in his mid-fifties, is engaging in the same, if not worse, criminal behavior that he did in his twenties.

There are multiple instances in the PSR where Defendant engaged in behavior that shows he conducts himself without regard to his status as a prohibited person and without regard to the rule of law. Paragraphs 13-14 of the PSR report an incident occurring in Huntsville, Arkansas in August 2017 where the Defendant attempted to purchase a firearm but the owner declined to sell. Paragraphs 15a through 15e detail a shooting incident that occurred on January 30, 2018 in Madison County at the residence of the Defendant and his neighbors. Per the neighbors account, the Defendant sat in his truck at the property line and began shooting at the neighbors while they were on their porch. The neighbors could hear bullets hitting their home as they dove for cover. The neighbors returned fire and the Defendant was struck through his truck door. When search warrants were executed at the Defendant's home, multiple firearms and ammunition were found.

Poor decision making leading to potentially deadly criminal behavior is a characteristic of this Defendant. It is apparent that the history and characteristic of the Defendant warrant an upward departure from the advisory Guideline range.

**Reflect the Seriousness of the Offense, Promote Respect for the law and Provide Just Punishment**

Possession of a firearm by a convicted felon, particularly one whose prior conviction involves assault, is a serious offense and one fraught with potential danger for the Defendant and others. Because this Defendant has prior convictions for being a felon in possession of a firearm, and is facing sentencing for another conviction of the same offense, it is clear that he lacks respect for the law. An upward variance would promote respect for the law prohibiting convicted felons from possessing firearms by the general public, as well as the Defendant, and provide just punishment.

**Protect the Public from Further Crimes of the Defendant**

The 8th Circuit has described general deterrence as "one of the key purposes of sentencing." *United States v. Medearis,* 451 F.3d 918, 920 (8th Cir. 2006). Given the history and characteristics of the Defendant, there is a significant likelihood that, given an opportunity to do so, this individual will continue to possess a firearm and break the law, regardless of the sentence given. His history and behavior indicates just that. This case involves his second conviction for possessing a firearm as a convicted felon and after a guilty plea and out on bond, he possessed more firearms. This behavior certainly informs the Court of the likelihood of this Defendant to recidivate. The adult behavior of this man, as illustrated through his arrest and conviction record, indicates a likelihood of recidivism upon release. An upward variance would allow the community a respite from the crimes of the Defendant.

**Conclusion**

For all the reasons stated above, the Government requests that the Court consider the arguments above in determining the Defendant's appropriate sentence and prays that the Court grant an upward variance and sentence the Defendant above the guideline range.

                Respectfully submitted,

                Duane (DAK) Kees
                United States Attorney

                */s/ Candace Taylor*
By:
                Candace Taylor
                Assistant U.S. Attorney
                Arkansas Bar No. 98083
                414 Parker Avenue
                Fort Smith, Arkansas 72901
                479-783-5125
                E-mail Candace.Taylor@usdoj.gov

## CERTIFICATE OF SERVICE

      I, Candace Taylor, Assistant U. S. Attorney for the Western District of Arkansas, hereby certify that on 16th day of March, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

      James Pierce, attorney for the Defendant
      Jessica Schermacher, U.S. Probation Officer


      */s/ Candace Taylor*
      Candace Taylor
      Assistant U.S. Attorney