UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                                              No. 3:17-CR-30007-001

GREGG ALFRED NICHOLAS                                                                                    DEFENDANT

## OPINION AND ORDER

Defendant Gregg Alfred Nicholas filed a motion (Doc. 60) to modify his sentence pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c).  The Government filed a response (Doc. 63) in opposition and exhibits (Doc. 64) under seal.  In addition to the motion and response, the Court has reviewed other documents on the record, including the presentence investigation report (Doc. 44).  The motion will be DENIED.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification.  18 U.S.C. § 3582(c).

Defendant pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) on October 27, 2017.  On April 4, 2018, the Court found a 23-month upward variance was necessary for the sentence to be sufficient, but not greater than necessary to comply with the goals of sentencing and Defendant was sentenced to 60 months imprisonment and three years supervised release.  Defendant requests a modification of his sentence to time served.  The Government agrees in its motion that Defendant has exhausted his administrative remedies.  (Doc. 63, p. 11).

1

Defendant's motion will be denied because the § 3553(a) factors do not support modification of Defendant's sentence. As to the nature and circumstances of the offense, Defendant falsely represented himself as law enforcement at a sporting goods store and requested Department of Homeland Security ("DHS") patches to be sewn onto several uniform shirts he provided. Defendant was eventually arrested for criminal impersonation after the sporting goods store reported his suspicious conduct to the Huntsville Police Department. After Defendant's arrest, officers conducted an inventory search of Defendant's vehicle and discovered multiple DHS, ATF, DEA, and other law enforcement patches, stickers, and red and blue emergency lights. Investigation revealed Defendant repeatedly represented himself as law enforcement and used the emergency lights and siren on his vehicle. A search of defendant's home revealed fourteen firearms and several rounds of ammunition, along with law enforcement clothing, badges, and accessories.

Defendant's history and characteristics demonstrate a lack of respect for the law. After Defendant was indicted on one count of felon in possession of a firearm and released on a $5,000 unsecured bond, Defendant attempted on two separate occasions to purchase firearms, an AR-15 and another rifle. Also during release, and after pleading guilty, Defendant and his neighbor got into a shooting incident and Defendant was shot in the stomach and arm. The neighbor told law enforcement officers that Defendant fired the first shot, however, Defendant stated he did not have a gun. Law enforcement officers searched Defendant's residence and found guns, several law enforcement badges—including a Deputy United States Marshals badge—and ammunition. Defendant's offense conduct and history and characteristics do not support modification and the Court finds a reduction of Defendant's sentence to time served would not adequately reflect the

seriousness of the offense or promote respect for the law. Because the 3553(a) factors do not support modification, Defendant's motion will be denied.

    IT IS THEREFORE ORDERED that Defendant's motion (Doc. 60) is DENIED.

    IT IS SO ORDERED this 4th day of May, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE
